NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MARK SMITH,

*Plaintiff*,

v.

BLOCK, INC., formerly known as
SQUARE, INC., *et al.*,

*Defendants.*

HONORABLE KAREN M. WILLIAMS

Civil Action

No. 23-381-KMW-MJS

**MEMORANDUM OPINION
AND ORDER**

**THIS MATTER** comes before the Court by way of Plaintiff Malik Tru El a/k/a Mark T. Smith's ("Plaintiff") Motion to Reopen Case (Dkt. No. 42) pursuant to Federal Rule of Civil Procedure 60(b)(1), and Defendant Block, Inc.'s Opposition (Dkt. No. 43) thereto; and

**WHEREAS**, Plaintiff seeks relief from the Court's March 6, 2024 Order (Dkt. No. 41) dismissing this matter pursuant to Federal Rule of Civil Procedure 4(m), asserting that his incarceration and limited access to legal resources prevented him from prosecuting the action or responding to the Court's Notice of Call for Dismissal (Dkt. No. 42 at 3–5); and

**WHEREAS**, the procedural history of this matter establishes that, before entry of the Rule 4(m) dismissal, Defendant Google moved to dismiss Plaintiff's Complaint (Dkt. No. 9), and Defendant Block moved to compel arbitration and dismiss Plaintiff's claims pursuant to the Cash App Terms of Service (Dkt. No. 20); and

**WHEREAS**, Plaintiff did not oppose either motion and failed to appear for oral argument before the Court on January 25, 2024 (Dkt. No. 38 at 1 n.2); and

**WHEREAS**, on January 29, 2024, the Court entered an Order granting Google's Motion to Dismiss with prejudice and granting Block's motion to compel arbitration, dismissing Plaintiff's

claims against Block and Cash App without prejudice and directing the parties to submit Plaintiff's claims to binding arbitration (*id.* at 2); and

**WHEREAS**, only after entry of the January 29, 2024 Order did the Clerk issue a Notice of Call for Dismissal pursuant to Rule 4(m) (Dkt. No. 40), followed by the Court's March 6, 2024 Order dismissing the case for failure to effect service (Dkt. No. 41); and

**WHEREAS**, Rule 60(b)(1) permits relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect," but motions brought under Rule 60(b)(1) must be filed "no more than a year after the entry of the judgment or order," Fed. R. Civ. P. 60(c)(1); and

**WHEREAS**, Plaintiff filed the present motion on October 17, 2025, more than nineteen months after entry of the March 6, 2024 Order from which Plaintiff seeks relief, rendering the motion untimely under Rule 60(c)(1), *see Walsh v. United States*, 639 F. App'x 108, 111 (3d Cir. 2016); *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975); and

**WHEREAS**, Plaintiff likewise fails to demonstrate excusable neglect because he offers no meaningful explanation for the nearly twenty-month delay in seeking relief, provides no specific chronology concerning his alleged inability to litigate this action, and fails to address the Court's prior January 29, 2024 Order compelling arbitration and dismissing all claims asserted in the Complaint, *see George Harms Constr. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); and

**WHEREAS**, even if the Court were to vacate the March 6, 2024 Rule 4(m) dismissal, the January 29, 2024 Order compelling arbitration and dismissing Plaintiff's claims would remain fully operative because Plaintiff does not seek relief from that Order and offers no basis to disturb it (Dkt. No. 38); and

2

**WHEREAS**, the Court therefore finds Plaintiff has failed to establish any basis for relief under Rule 60(b)(1);

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

IT IS HEREBY on this ⟍⟋ day of **May, 2026**, **ORDERED** as follows:

(1) The Clerk of Court is directed to temporarily **REOPEN** this case for the limited purpose of entering this Memorandum Opinion and Order; and

(2) Plaintiff's Motion to Reopen Case (Dkt. No. 42) is **DENIED**;

(3) The Clerk of Court is directed to **CLOSE** this case;

(4) The Clerk of the Court shall serve a copy of this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

3